CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED
APR 19 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| GARY W. ROWLAND, | CASE NO. 4:10CV00032 |
| Plaintiff, | |
| | REPORT AND RECOMMENDATION |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | By: B. Waugh Crigler |
| | U. S. Magistrate Judge |
| Defendant. | |

This challenge to a final decision of the Commissioner which denied plaintiff's December 18, 2007 application for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned RECOMMENDS that an Order enter REMANDING the case to the Commissioner for further development of the record.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff was insured for benefits through December 31, 2013, and that he had not engaged in substantial gainful activity since September 21, 2007, his alleged disability onset date. (R. 10.) The Law Judge believed that plaintiff had the following severe impairments: bilateral osteoarthritis of the feet status post cheilectomy of the great toes, bilateral Dupuytren's contracture[1]. (*Id.*) The Law Judge found that he did not

---

[1] Dupuytren's contracture is a hand deformity that usually develops slowly, over decades. Dupuytren's contracture affects the connective tissue under the skin of your palm. Knots of tissue form under the skin — eventually forming a thick cord that can pull one or more of your fingers

have an impairment or combination of impairments which met or equaled a listed impairment. (R. 11.) The Law Judge believed that plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms, but his statements concerning the intensity, persistence and limiting effects of these symptoms were "not credible" to the extent they were inconsistent with the Law Judge's residual functional capacity ("RFC") finding. (R. 12.) The Law Judge determined that plaintiff retained the RFC to perform light work, except that he was limited in his ability to grasp and hold, and is restricted in fine manipulation. (R. 11.) The Law Judge concluded that plaintiff could not perform any of his past relevant work, but that other jobs existed in substantial numbers in the national economy which he could perform. (R. 13.) Thus, the Law Judge ultimately found plaintiff was not disabled under the Act. (R. 14.)

Plaintiff appealed the Law Judge's September 21, 2009 decision to the Appeals Council, which found no basis in the record, or in the reasons advanced on appeal, to review the Law Judge's decision. (R. 1-3.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of

---

into a bent position. Once this occurs, the fingers affected by Dupuytren's contracture can't be straightened completely, which can complicate everyday activities such as placing your hands in your pockets, putting on gloves or shaking hands."
http://www.mayoclinic.com/health/dupuytrens-contracture/DS00732.

the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of his motion for summary judgment, plaintiff argues that the Law Judge erred in finding that he maintained the RFC to perform a range of light exertional work. (Pl's Brief, pp. 4-5.[2]) Specifically, plaintiff contends that the assessment by the State agency medical consultant took place prior to the receipt of the evidence establishing the limitations caused by the Dupuytren's contracture of both hands, and that the Law Judge just "summarily dismissed" this evidence. (Pl's Brief, p. 4.)

The Law Judge found that plaintiff suffered Dupuytren's contracture of both hands. (R. 11.) The Law Judge noted that the condition makes it such that plaintiff is unable to actively extend the fourth and fifth digits of his right hand and the first and second digits of his left hand. (*Id.*) The Law Judge concluded that the evidence did not show that the condition affected both plaintiff's fine and gross movements. (*Id.*) As such, he concluded that the impairment did not meet Listing 1.02B for major dysfunction of a joint with involvement of one major peripheral joint in each upper extremity resulting in an ability to perform fine and gross movements effectively. (*Id.*) The record is not adequately developed for the undersigned to determine whether these findings are supported by substantial evidence.

Plaintiff's wife, Mary Rowland, provided testimony at plaintiff's July 16, 2009 hearing before the Law Judge. (R. 22-39.) She stated that both of plaintiff's hands are affected by Dupuytren's contracture, and that the condition makes it so difficult for him to function that he can hardly hold his cane. (R. 27.) Mrs. Rowland further testified that plaintiff has trouble straightening his fingers in the morning, and that she has to pull his affected fingers to straighten

---

[2] Plaintiff's brief in support of his motion for summary judgment is not paginated. For ease of reference, the undersigned has assigned page numbers to the document.

3

them. (R. 28.) Mrs. Rowland also testified that plaintiff's ability to grip is impacted to the point of always dropping things he tries to hold. (R. 28-29.) Lastly, she revealed that plaintiff is unable to pull up his clothes or dress himself. (R. 29.)

Cynthia Wilborne, a nurse practitioner, treated plaintiff on May 26, 2009. (R. 270-271.) Wilborne found that plaintiff had "hands contractures fingers middle each hand." (R. 270.) She opined that plaintiff suffered Dupuytren's contracture and discussed the option of referring him to orthopedics. (R. 271.)

Pamela Heath, D.O., a physician at the Health Centers of the Piedmont, examined plaintiff on July 9, 2009. (R. 268-269.) She noted that plaintiff presented with complaints of bilateral hand pain, stiffness, swelling, weakness in the fourth and fifth digits of his right hand and the first and second digits of his left hand. (R. 268.) Dr. Heath found that plaintiff was unable to actively extend the fourth and fifth digits of his right hand, unable to actively extend the first and second digits of the left hand, had difficulty passively extending all of the affected digits, and suffered diffuse joint pain. (*Id.*) Dr. Heath diagnosed plaintiff as suffering Dupuytren's contracture, and she referred him for treatment to the department of orthopedic surgery at the University of Virginia. (*Id.*)

On July 16, 2009, Dr. Heath submitted a letter which provides that plaintiff was "unable to work or to attend any job training classes at this time." (R. 267.) She noted that plaintiff was having trouble using his case due to Dupuytren's contractures in both hands. (*Id.*) Dr. Heath concluded that plaintiff's condition had last twelve months or more and was indefinite in duration. (*Id.*)

A State agency medical consultant assessed plaintiff on February 25, 2008. (R. 69-74.) This reviewer believed that plaintiff could occasionally lift and/or carry, including upward pulling, twenty pounds. (R. 69.) The medical consultant further found that plaintiff could frequently (more than 1/3 and up to 2/3 of an eight-hour day) lift and/or carry, including upward pulling, ten pounds. (R. 70.) Unfortunately, the State agency consultant did not have the benefit of the medical records from nurse Wilborne or Dr. Heath.

The undersigned is surprised that evidence of Dupuytren's contracture contained in this record did not send a clear signal to the Commissioner that plaintiff's hand impairment was at a level severe enough to trigger further evaluation. After all, the evidence submitted by everyone who had personal knowledge of plaintiff's hand impairments shows he essentially cannot straighten his hands without help, much less manipulate objects in a work setting. Yet, the Commissioner simply dismissed this evidence. The undersigned believes good cause has been shown to remand the case to the Commissioner for further proceedings. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986) (holding that the Law Judge has a duty to develop the record beyond the evidence submitted by the claimant when that evidence is clearly inadequate). For these reasons, the undersigned finds the Commissioner's final decision is not supported by substantial evidence and RECOMMENDS that an Order enter REMANDING the case to the Commissioner for further proceedings, including, if necessary, further development of the record.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within

(14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

April 19, 2011
Date